Henry, Bruce R., J.
This matter came on to be heard on cross motions of the parties for judgment on the pleadings. At issue is the determination by the Sex Offender Registry Board (SORB) that the plaintiff must register as a Level 3 sex offender. That determination was made by SORB and upheld by a hearing officer after an evidentiary hearing in accordance with G.L.c. 6, §178L(l)(c). It is thus the final decision of the agency. After a hearing and a thorough review of the submissions of the parties, the plaintiffs motion for judgment on the pleadings is ALLOWED and the motion of SORB for judgment on the pleadings is DENIED. The decision of the SORB is modified as ordered at the end of this memorandum and order.

Procedural Background

The plaintiff was notified on or about August 5, 2003, by SORB that it had preliminarily determined that he must register as a sex offender and that he had been designated as a high risk (Level 3) offender. That designation means that offender information is actively disseminated by local agencies. The plaintiff filed a timely request for an administrative hearing to challenge the Board’s preliminary determination. An evidentiary hearing was held before a hearing examiner and the plaintiff was represented by counsel at that hearing. In a decision dated March 1, 2005, the hearing officer affirmed the Board’s recommendation that the plaintiff register as a Level 3 sex offender. The plaintiff filed a timely appeal of that decision. This Court stayed the dissemination of information regarding the plaintiff until a decision on that appeal; however, the registration requirement was not stayed.

Factual Background

On June 11, 2001, the plaintiff pled guilty in Worcester Superior Court to one count of rape of a child (no force) and one count of assault and batteiy. At the request of the Commonwealth, other charges against the plaintiff involving the same victim were dismissed. The plaintiff was sentenced to one to two years in state prison for the rape charge and was given three years probation for the assault and batteiy charge, commencing from and after his release from incarceration. Conditions of probation included his having no contact with the victim, participating in treatment as determined by the probation department, and submitting to drug and alcohol abuse evaluation.
The plaintiff was incarcerated at MCI-Concord on June 11, 2001, and was transferred to the Massachusetts Treatment Center in November 2002. While at the Treatment Center, the plaintiff was evaluated by two forensic psychologists to determine whether he met the criteria of a Sexually Dangerous Person. Both of the forensic psychologists concluded that the plaintiff was not a Sexually Dangerous Person. One of the forensic psychologists also found that there was no evidence of any likelihood that the plaintiff would commit additional sexual offenses. The other forensic psychologist found that the data did not suggest that the plaintiff was more likely than not to re-offend. The plaintiff was released from the Treatment Center on March 19, 2003.
*56 While incarcerated, the plaintiff never received any disciplinary reports. He completed the Correctional Recovery Academy, an intensive substance abuse treatment program, which also provided counseling and addressed relapse prevention, criminal thinking, and anger management. He also participated in Alcoholics Anonymous and Narcotics Anonymous meetings.
As one of the conditions of his probation, the plaintiff attends a sex offender treatment program, which uses the cognitive behavioral relapse prevention model. According to a letter from a social worker affiliated with that treatment program, the plaintiff contributes to the group process, acknowledges his crime, accepts responsibility for it, is aware of the impact it had on the victim, her family, and his family, is making sincere efforts to handle his anger issues, and has developed a relapse prevention plan which he implements daily.
The plaintiff has been under the supervision of the Worcester Superior Court Probation Department since his release from incarceration over two years ago. He has complied with the conditions of his probation. Since his release from incarceration, the plaintiff has pled guilty to an assault and battery charge, for which a fine was imposed and paid, and has had charges of possession of a Class D substance dismissed.
There are no identified mental health issues for the plaintiff. He has started his own business and is romantically involved with an adult female. For purposes of the hearing before the hearing examiner, the plaintiff submitted letters from friends, family, acquaintances, his girlfriend, and a business associate which indicate, in essence, that he is a good, kind, responsible, focused, open, hardworking, changed person who is remorseful for his past behavior and focused on being a productive member of society.
In his decision, the hearing examiner found that the plaintiff presented a high risk to re-offend and a high degree of dangerousness and ordered that he register as a Level 3 sex offender. That decision means that the plaintiff must register with the SORB and with the Police Department and must provide them with his name, home and work addresses, photographs, and fingerprints. That information must be updated annually and the plaintiff must advise both SORB and the Police Department of any changes in his home or work addresses ten days prior to such change. Under statutory and regulatory provisions, the SORB must disclose to any person who inquires the offenses for which he was convicted and the dates of such convictions. In addition, the Police Department is mandated to actively disseminate the registration information about the plaintiff to organizations and individuals in the communiiy who are likely to encounter him and to all schools in the communiiy and to publish it either in local newspapers and/or local cable television. The information is available on the internet.

Statutory and Regulatory Background

G.L.c. 6, §§178C through 178Q govern the SORB: Registration and Classification. 803 C.M.R. 1.39 and 1.40 respectively lay out the general principles and the specific guidelines for each factor to be used in an offender’s classification. The regulations indicate that the SORB, pursuant to its statutory authority, reviewed the statutory factors as well as the available literature regarding these factors and developed the guidelines, definitions, explanations, and principles contained in 803 C.M.R. 1.40. The regulations state what the research to date shows as to whether a determination on a particular factor increases or decreases the likelihood to re-offend. The regulations do not provide any guidance as to how these various factors are to be weighed when some factors point to a greater likelihood of re-offending while others point to a lower likelihood. The weighing of the importance of these various factors is left to the SORB and, when its decision is challenged, to a hearing examiner. The hearing examiner is not bound by the recommended classification of the SORB, nor by the means by which the decision was ascertained. The hearing examiner may heighten, lessen, or maintain the recommended classification.
The hearing examiner conducts a de novo evidentiary hearing, and upon consideration of all of the evidence, renders a written decision in support of his conclusion as to risk of re-offense and dangerousness.

Standard of Review

This Court’s review of the hearing examiner’s decision is narrow, i.e., was the decision unsupported by substantial evidence, arbitrary or capricious, or otherwise not in accordance with the law. This Court’s decision, in turn, rests on whether the hearing examiner properly considered the statutoiy factors in G.L.c. 6, §178K. “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Cobble v. Commissioner of the Dep’t of Social Services, 430 Mass. 385, 390 (1999); G.L.c. 30A, §1(6). In considering whether the decision is supported by substantial evidence, this Court must consider whether “the cumulative weight of the evidence tends substantially toward opposite inferences.” Id. at 391. At the same time, this Court must “accord due weight to the ‘experience, technical competence, and specialized knowledge’ of the [SORB].” Martorano v. Department of Public Utilities, 401 Mass. 257, 261 (1987); G.L.c. 30A, §14(7).
The plaintiff has the burden of showing that the order appealed from is unsupported by substantial evidence. Boston Gas Company v. Department of Telecommunications and Energy, 436 Mass. 233 (2002). If this Court determines that the substantial rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence, it “may remand, set aside, or modify” the order. Id. at 242, citing Fitchburg Gas & Elec. Light Co. v. *57 Department of Public Utilities, 371 Mass. 881, 887 n.10 (1977).

Use/Requirement of Expert Evidence

While acknowledging at the hearing before me that expert evidence is not required in every determination of level of risk by the SORB, the plaintiff argues that given the findings made by the two forensic psychologists who saw him at the Treatment Center, which finding were before both the SORB and the hearing examiner, the SORB was required to present some expert evidence to support its position that he is a Level 3 offender. As argued by SORB, there is no requirement in the relevant statute, or in the regulations which govern the determinations at issue in this matter, that expert evidence be obtained by or presented to the SORB. However, where, as here, there is expert evidence presented by the offender to the effect that the plaintiff is unlikely to re-offend, some expert evidence to the contrary is necessary before the hearing examiner can disregard that evidence. In this case, there were reports from two forensic psychologists who opined that the plaintiff was not likely to re-offend. That evidence was uncontradicted. The hearing examiner’s decision to the contrary is, therefore, not supported by substantial evidence. “Where, as here, there is uncontradicted [evidence] concerning a subject which is beyond the common knowledge and experience of the finder of fact, that [evidence] may not be rejected without a basis for such rejection in the record.” Robinson v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 634, 639 (1985). There is no such basis in the record.
Given that the expert evidence regarding the risk of re-offense was uncontradicted, the decision of the hearing officer is not supported by substantial evidence and cannot stand.

Order

For all of the foregoing reasons, it is ORDERED that the decision of the Sex Offender Registry Board be MODIFIED and that the plaintiff be required to register as a Level 2 sex offender.